**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**


**FREDRICK LAWRENCE TIDWELL, SR.**                                      **PLAINTIFF**

**V.**                                       **CAUSE NUMBER: 4:25-cv-00046-JDM-JMV**

**AUTOZONE #2371**                                                  **DEFENDANT**


## ORDER AND MEMORANDUM OPINION

Before the Court is AutoZone #2371's Motion for Summary Judgment. [45] Plaintiff Fredrick Tidwell, Sr. works for AutoZone as a store manager in training. During his first weeks at AutoZone, another employee allegedly bumped into him while walking down a narrow aisle. That same employee also commented about Tidwell's age. These interactions made Tidwell anxious. So his doctors put him on medical leave after working with the other employee for three weeks. Based on the other employee's bumps and comments, Tidwell sued AutoZone under the Age Discrimination in Employment Act of 1967 (ADEA) for harassment at work.[1] He asserted claims for harassment, retaliation, and "life thereating [sic] firearm complaint ignored[.]" But Tidwell cannot establish a prima facie case for age discrimination on any claim. His retaliation and "firearm" claims have nothing to do with age. And the alleged age-related comments were not severe enough to sustain a discrimination case under the ADEA. So AutoZone's summary judgment motion is **GRANTED**.

### Facts

Tidwell did not respond to AutoZone's summary judgment motion. So the Court treats the

---

[1] Tidwell also sued AutoZone human resources officer Marvin Smith. But this Court previously dismissed Smith. [39] So he is no longer a party.

facts AutoZone raised as "undisputed for the purposes of the motion." FED. R. CIV. P. 56(e)(2); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Tidwell began working for AutoZone at 48 years old as manager-in-training. When he got there, employee James Jones reported an incident that happened before Tidwell started. According to Tidwell, Jones told him another employee—John Harris—had threatened him with a gun. Because Harris was on leave when Jones told Tidwell this, Tidwell reported the incident to the district manager on Jones's behalf.

When Harris later returned to work, he bumped into Tidwell while walking down a narrow aisle behind him. Tidwell believed Harris bumped him in retaliation for reporting him. After Harris bumped him a second time, Tidwell confronted Harris in front of another employee. Harris allegedly became aggressive and said he would continue walking down the aisle as he usually did. After the confrontation, Harris also allegedly commented on Tidwell's age. Tidwell claimed Harris called him too old, seasoned, or experienced for his position. And Harris mentioned wanting a younger staff at AutoZone. Beyond the bumps and comments, Tidwell said he heard that Harris carried a gun in the store. But Tidwell never saw a gun. And he did not allege Harris directly threatened *him* with a gun. Still, Tidwell reported the bumping, comments, and alleged in-store firearm to his district manager.

Tidwell believed the district manager did not take his allegations seriously. And the whole situation made him anxious. So his doctors and therapists put him on medical leave for anxiety and stress. Tidwell remains an AutoZone employee while on leave.

Tidwell then filed an Equal Employment Opportunity Commission discrimination charge against AutoZone. He alleged Harris's actions and AutoZone's failure to address them amounted to age discrimination. After the EEOC gave him a right-to-sue notice, Tidwell filed his complaint.

2

He leveled harassment and retaliation claims under the ADEA. And he maintains AutoZone ignored his "life threating [sic] firearm complaint[,]" referring to the reported interaction between Harris and Jones before Tidwell's time at AutoZone.

**Summary Judgment Standard**

"Summary judgment is warranted when the evidence shows no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law." *Ghanem v. Morrow*, No. 1:24-cv-182-SA-RP, 2025 WL 3470052, at \*2 (N.D. Miss. Dec. 3, 2025) (citing FED. R. CIV. P. 56(a)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, No. 1:17-cv-164-DAS, 2019 WL 2617240, at \*1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex*, 477 U.S. at 323). "The nonmoving party must then 'go beyond the pleadings' and designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324).

**Discussion**

Tidwell's complaint sets out three claims—harassment, retaliation, and "life threating [sic] firearm complaint ignored[.]" But Tidwell failed at the first step in an employment discrimination case—making a prima facie case of discrimination. So AutoZone is entitled to judgment as a matter of law on each claim.

3

*I.        Harassment*

Tidwell's main claim is for harassment under the ADEA.  He alleged that Harris's bumping, age-related comments, and firearm possession created a hostile work environment.

To bring an age discrimination claim under the ADEA, a plaintiff must establish that "(1) he was over the age of 40; (2) [he] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the party of the employer."  *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834-35 (6th Cir. 1996)).

Tidwell established the first factor because he was over 40 when he started working at AutoZone.  But he did not tie the bumping and firearm allegations to his age.  So those allegations fail on the second factor.

At his deposition, Tidwell claimed Harris bumped him for making a report against him.  And Harris justified the bump because it happened in a narrow aisle Harris routinely walked through.  But no matter Harris's reason for bumping Tidwell, no facts show Harris bumped Tidwell due to his age.

His allegation about Harris's gun fails for the same reason.  Tidwell never saw the purported gun.  And he never claimed Harris brandished it or threatened him with it.  So even assuming Harris had a gun, there are no facts to support that Harris wanted to intimidate Tidwell *based on his age*.  Tidwell simply cannot make a prima facie case for age discrimination based on Harris bumping him or possessing a gun at work.

While Tidwell's bumping and firearm-possession allegations do not meet the second factor, his allegation that Harris commented on his age do.  But he fails at the third factor of a prima facie

4

case—showing that Harris's comments created an objectively offensive work environment.

"A workplace environment is hostile when it is 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment.'" *Dediol*, 655 F.3d at 441 (quoting *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)). The alleged conduct "must be both objectively and subjectively offensive." *Id.* (citing *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)). And to "determine whether conduct is objectively offensive, the totality of the circumstances is considered[.]" *Id.* This includes "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *Id.*

During his deposition, Tidwell claimed for the first time that Harris said he was "too old," "too seasoned," or "too experienced" for his position. He also alleged Harris mentioned getting younger people to work at AutoZone "more than three" times. But considering the totality of the circumstances, Harris's comments were not objectively offensive. Tidwell only worked with Harris for two to three weeks. So the occasional comment was short-lived and would not have interfered with Tidwell's performance. Harris did not physically threaten, humiliate, or demean Tidwell based on his age. And while offensive and maybe "boorish," Harris's comments were not "sufficiently severe or pervasive to alter the conditions of [Tidwell's] employment and create an abusive working environment." *Moody v. U.S. Sec'y of Army*, 72 Fed. Appx. 235, 239 (5th Cir. 2003) (holding comments like "Granny, when are you going to retire and let someone younger have a job" insufficient to create a hostile environment). Because Harris's comments were not objectively offensive under the age discrimination analysis, Tidwell failed to spin those comments into a prima facie age discrimination case.

5

Because his allegations fall short of harassment under the ADEA, AutoZone is entitled to judgment as a matter of law on Tidwell's harassment claim.

*II.        Retaliation*

Tidwell next claims retaliation under the ADEA.  At his deposition, Tidwell insisted that a hostile work environment—Harris bumping him—was retaliation for reporting Harris to the district manager.  But Tidwell has not made a prima facie retaliation case.

"To state a prima facie retaliation claim under the ADEA, a plaintiff must show: '(1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 869 (5th Cir. 2016) (quoting *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001)).  For an employee to show that he engaged in a protected activity, he must show "that he either opposed a practice prohibited by the ADEA or has participated 'in any manner' in a proceeding under the ADEA."  *Bruno v. RIH Acquisitions, MS I, LLC*, 530 F. Supp. 2d 819, 820-21 (N.D. Miss. 2008) (citing *Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1226 (5th Cir. 1996)).

Tidwell's retaliation claim fails at step one.  That's because he has not shown that reporting Harris for threatening Jones was protected activity under the ADEA.  Tidwell never claimed Harris threatened Jones based *on Jones's age*.  In fact, he testified he does not know Jones's age.  Even if Tidwell's report somehow was a protected activity under the ADEA, he has not shown that AutoZone took an adverse employment action against him.  Tidwell is on medical leave because his own doctors ordered it.  And he still works for AutoZone.

Because Tidwell has not made a prima facie retaliation case under the ADEA, AutoZone is entitled to judgment as a matter of law on that claim.

*III.    Firearm complaint*

Tidwell's final claim under the ADEA is "Life thereating [sic] Firearm complaint ignored[.]" But the ADEA does not recognize this claim. That's because, again, it does not relate to Tidwell's age. And Tidwell never alleged someone threatened him. Instead, from his deposition testimony, it seems Tidwell bases this claim on AutoZone's not acting on his report that Harris threatened Jones. But as discussed, nothing about that interaction related to *anyone's* age, much less Tidwell's. And without a tie-in to age, this claim also fails under the ADEA.

**Conclusion**

For these reasons, Tidwell failed to make a prima facie age-discrimination case under the ADEA. And AutoZone is entitled to judgment as a matter of law on all of Tidwell's claims. So AutoZone's Motion for Summary Judgment [45] is **GRANTED**. Judgment will be entered in AutoZone's favor. With no other claims or defendants remaining, the case shall be **DISMISSED with prejudice**.

This case is **CLOSED**. A separate judgment will issue this day.

**SO ORDERED**, this the 15th day of June, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI